UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LORIA M. REESE, | ) CIVIL ACTION 4:10-cv-1929-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On October 11, 2013, Counsel for the Plaintiff, Harry F. Smithson, filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. §406(b). The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $8,432.25,[1]

---

[1] Plaintiff, by her attorney, asserts that after a supplemental hearing on November 14, 2012, the ALJ issued a fully favorable decision awarding Plaintiff benefits finding her disabled since her amended alleged onset date of April 1, 2010. Plaintiff contends that on May 27, 2013, the Commissioner issued an Amended Notice of Award to Plaintiff showing that $7,282.50, which was 25% of her total back due benefits of $29,130.00, had been withheld as attorney's fees. Plaintiff asserts that on July 7, 2013, a Notice of Award was issued to Plaintiff's daughter, Lauran M. Reese, who was a dependent child living with the Plaintiff and entitled to child's insurance benefits. However, Plaintiff's counsel asserts that the Notice of Award to the daughter erroneously indicates that her entitlement to benefits did not commence until March 2011 and that she was entitled to $1,533.00 for a three-month period. However, Counsel asserts that "a Claims Benefit Authorizer at the Baltimore Payment Center recently advised counsel by telephone that this Notice of Award to Lauran was erroneous and that another Amended Notice of Award would soon be forthcoming, informing her that she was actually entitled to back due benefits for the nine-month period for a total back due benefits of $4,599. . ." (Plaintiff's brief, p. 2). Plaintiff contends that the total back due benefit amounts are $29,130.00 and $4,599.00, for a total back due benefit of $33,729.00. Pursuant to the Fee Arrangement, Plaintiff's counsel seeks a fee of 25% of that amount for a total of $8,432.25.

which amounts to twenty-five percent of the past-due benefits withheld by the Social Security Administration for attorney's fees. (Doc. #21 with attachments).[2]

The Defendant has indicated in her response to Plaintiff's motion that Defendant has no position regarding this motion since Plaintiff's 406(b) request is limited to no more than twenty-five percent of the award of past due benefits.

The Court has reviewed Counsel's fee petition and the signed fee agreement that was submitted with the petition, and finds Counsel's request for fees reasonable.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. §406(b), is granted in the amount of $8,432.25.

**AND IT IS SO ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United Stated Magistrate Judge

December 9, 2013  
Florence, South Carolina

---

[2] Plaintiff submits that no EAJA fee has been awarded in this case.